## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDAN RICHTER<br>11 Millcreek Lane<br>Malvern, PA 19355<br><br>      Plaintiff,<br><br>  v.<br><br>THE CATHOLIC UNIVERSITY OF<br>AMERICA<br>280 Leahy Hall<br>620 Michigan Avenue, N.E.<br>Washington, D.C. 20064;<br><br>      Defendant. | Civil Action No. _____ |

## COMPLAINT

COMES NOW, Plaintiff BRENDAN RICHTER (hereinafter, "Mr. Richter"), by and through his attorneys of record, Jason J. Bach, Esq., of The Bach Law Firm, LLC, and hereby complains and alleges against the above-named Defendant, based upon knowledge, information, and a reasonable belief derived therefrom, as follows:

## PARTIES

1.      Plaintiff, BRENDAN RICHTER, is currently a resident of the State of Pennsylvania presently residing at the address set forth in the caption hereof, and, at all relevant times, was a student at The Catholic University of America.

2.      Defendant, THE CATHOLIC UNIVERSITY OF AMERICA (hereinafter, "CUA" or the "University"), is a private university located at 620 Michigan Avenue, N.E., Washington, D.C. CUA operates its Columbus School of Law (hereinafter, "CUA Law") at its premises located at 3600 John McCormack Drive, N.E., Washington, D.C.

3. At all times relevant hereto, and in all their actions described herein, Defendant's actions took place in Washington, D.C.

## VENUE & JURISDICTION

4. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds $75,000.00, and the parties are diverse.

5. Venue is appropriate in this Court as Defendant is located in this District, and the facts giving rise to this complaint arose in this District.

6. This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423. This Court has personal jurisdiction over the parties because, *inter alia*, Defendant is located in the District of Columbia, engaged in the acts directed at Mr. Richter in the District of Columbia, conducts substantial business in this jurisdiction, and has extensive, systematic and continuous contacts with this state.

## FACTS

7. Mr. Richter was a student at CUA Law in the *Juris Doctorate* program with an expected graduation date in May 2019.

8. Mr. Richter enrolled in the program for the 1L 2016-2017 term.

9. Mr. Richter successfully completed 15 credits in the fall of 2016, with a GPA of 2.021.

10. Mr. Richter's first semester, despite having passing grades, was not an academic success owing to CUA's policy of only allowing students with a cumulative GPA of a B (3.0) or higher to continue with their education.

11. Mr. Richter was placed on an "Academic Excellence Program Written Individual Academic Plan" (hereinafter, "Academic Plan") following his Fall 2016 Semester, which was signed on February 3, 2017.

12.     The Academic Plan required Mr. Richter to achieve a cumulative GPA of 2.50 or higher to stay in the program beyond his 1L year.

13.     Mr. Richter successfully completed 15 credits in the Spring 2017 term, with a GPA of 1.709, and cumulative total of 1.865.

14.     Mr. Richter's 1L spring grades did not bring his cumulative total to 2.50 or above, and, on June 9, 2017, CUA sent Mr. Richter a letter indicating he had been excluded from the CUA Law program.

15.     Mr. Richter wished to seek enrollment in another Juris Doctorate program at an ABA-accredited law school beginning in the Fall 2017 term.

16.     However, the 2014 American Bar Association (hereinafter, "ABA") Standard 505 states:

> PREVIOUSLY DISQUALIFIED APPLICANT.  A law school may admit or readmit a student who has been disqualified previously for academic reasons upon **an affirmative showing that the student possesses the requisite ability and that the prior disqualification does not indicate a lack of capacity to complete the course of study at the admitting school**. In the case of admission to a law school other than the disqualifying school, this showing shall be made either by a **letter from the disqualifying school** or, if two or more years have elapsed since that disqualification, by the nature of interim work, activity, or studies indicating a stronger potential for law study. For every admission or readmission of a previously disqualified individual, a statement of the considerations that led to the decision shall be placed in the admittee's file.  (emphasis added).

17.     In February 2017, the ABA amended Standard 505 and replaced it with the 2017-2018 Standard 501(c), which states:

> (c) A law school shall not admit or readmit a student who has been disqualified previously for academic reasons without an affirmative showing that the prior disqualification does not indicate a lack of capacity to complete its program of legal education and be admitted to the bar.  For every admission or readmission of a previously disqualified individual, a statement of the considerations that led to the decision shall be placed in the admittee's file.

18.     Mr. Richter retained counsel to seek a letter from CUA indicating that he possessed the requisite ability to complete his course of study (hereinafter, "ABA Letter").  On July 24, 2017, counsel for Mr. Richter sent correspondence to CUA seeking such an ABA Letter.

19.     Considering Mr. Richter's successful completion of his 1L year and CUA's strict academic requirements, CUA should have promptly issued the requested ABA Letter.

20.     However, CUA ignored the request and refused to issue an ABA letter following Mr. Richter's attorney's request.  CUA refused to respond in writing at all.

21.     Instead, CUA's counsel indicated to Mr. Richter's attorney by telephone that CUA did not wish to assist Mr. Richter.

22.     As a result of CUA's inaction and dilatory tactics, Mr. Richter was unable to seek admission to an ABA-accredited law school for either the Fall 2017 or Spring 2018 semesters.

23.     As a result of Defendant's arbitrary, capricious, and unlawful actions, Mr. Richter has been prevented from pursuing his degree for a full year and continues to suffer harm.

## EXTENUATING CIRCUMSTANCES PARTIALLY CONTRIBUTING TO MR. RICHTER'S PERFORMANCE AND CUA'A REFUSAL TO ABIDE BY THE TERMS OF THEIR AGREEMENT

24.     Mr. Richter's academic performance was partially due to a series of unfortunate outside events, which Mr. Richter made known to CUA at the time they were occurring.

25.     Mr. Richter was involved in a serious and meaningful long-term relationship prior to entering law school.  His partner fell seriously ill, and Mr. Richter committed a substantial amount of time to care for his ailing partner.

26.     Mr. Richter discussed these issues with the CUA Law Dean Katherine G. Crowley.

27.     Further, Mr. Richter was not able to complete some core elements in his Academic Plan, which called for Mr. Richter to meet with various professors and Dean Crowley regularly in order to facilitate an improvement in his grade.

28.     Mr. Richter did meet regularly with all of the professors named in his Academic Plan and saw a marked improvement in some of his grades as a result, even improving in his legal writing course (Lawyering Skills Practice) by a full letter grade.

29.     However, Mr. Richter was unable to meet regularly with his Constitutional Law Professor, Roger Hartley, as Professor Hartley refused to accommodate such meetings scorning them as "preferential treatment."

30.     Undeterred and determined to comply with his Academic Plan, Mr. Richter was not attempted to sign up for Professor Hartley's office hours.

31.     Despite Mr. Richter's efforts, Professor Hartley's office hours were routinely booked by other students, and Mr. Richter was not able to obtain regular meetings.

32.     In light of the above, CUA's refusal to issue an ABA Letter indicating Mr. Richter is capable of obtaining a Juris Doctorate degree is arbitrary, capricious, and made in bad faith.

33.     As a result of Defendant's actions and inactions, Defendant violated its agreement with Mr. Richter.

**FIRST CAUSE OF ACTION**

***BREACH OF CONTRACT***

34.     Mr. Richter reincorporates by this reference each and every preceding paragraph, as if fully restated herein.

35.     By admitting Mr. Richter and accepting his tuition payments, CUA has an express and implied contract with Mr. Richter in connection with rights explicitly guaranteed by CUA pursuant to the *Academic Rules of the Columbus School of Law, The Catholic University of*

*America* (hereinafter, the "CUA Handbook"), *The Catholic University of America's Academic Grievance Procedures* (hereinafter, "CUA Grievance Procedures"), and the Academic Plan given to Mr. Richter following his Fall 2016 Semester.

36.     Defendant's actions constitute a material and substantial breach of its express and implied contract with Mr. Richter by:

> (a)     Denying Mr. Richter his right to meet regularly with Professor Roger Hartley, as proscribed by his Academic Plan;
>
> (b)     Failing to ensure that Professor Roger Hartley provided adequate instruction and materials to ensure that Mr. Richter had an opportunity to improve his GPA to the required 2.50 prior to end of the Spring 2017 semester.

37.     At all times relevant herein, Mr. Richter abided and governed his conduct by the terms of the aforementioned contract, including meeting all of his financial obligations to CUA.

38.     As a direct and proximate result of Defendant's actions, Mr. Richter has lost the difference in value over a lifetime of earnings expected to be earned by an individual who graduated with a law degree from CUA and a person without a law degree from CUA.

39.     As a direct and proximate result of Defendant's actions, Mr. Richter has lost several years, or more, of his career, tuition paid to CUA, and living expenses.

40.     As a result of the breach Defendant committed against Mr. Richter, he is entitled to an injunction requiring CUA to issue a letter in conformity with the ABA mandates and an injunction requiring CUA to vacate his grades and issue an Incomplete for his Constitutional Law class.

41.     As a result of the breach Defendant committed against Mr. Richter, he has suffered and continues to suffer loss, damage and detriment; including, without limitation, incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

42.     It has been necessary for Mr. Richter to obtain the services of an attorney to prosecute this action, and he is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### *BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

43.     Mr. Richter reincorporates by this reference each and every preceding paragraph as if fully restated herein.

44.     The aforementioned contract between Defendant and Mr. Richter contained an implied covenant of good faith and fair dealing, which precludes CUA from evading the spirit of the contract, willfully rendering imperfect performance, refraining from interference with Mr. Richter's ability to benefit from its terms, acting in contravention of Mr. Richter's reasonable expectations, failing to abide by the standards and policies promulgated by the Defendant, or otherwise acting in an arbitrary and capricious manner with respect to Mr. Richter.

45.     Defendant breached this implied covenant of good faith and fair dealing by making it impossible for Mr. Richter to realize the benefit of his contract and by permitting its agents to act in bad faith and in a manner that interfered with Mr. Richter's contractual expectations.

46.     Following the Spring 2017 semester, CUA allowed several students to progress past 1L year with grades and a cumulative GPA below 2.50.

47.     CUA unfairly and in bad faith singled out Mr. Richter for disparate treatment by not allowing him to continue in the program, either with the aim of graduating or providing him the means to seek a transfer to another ABA-accredited law school.

48.     CUA's complete failure to respond to Mr. Richter's request for an ABA Letter indicating his academic fitness in response to their own standard of excellence required in academic grades placed him in a far worse position to begin his legal career than any other institution would have placed him – in effect, he is required to wait two years before applying to any other program because of CUA's inaction and unwillingness to issue an ABA Letter.

49.     Mr. Richter's future effectively has been held hostage by CUA's own academic standards thereby preventing Mr. Richter from pursuing his degree elsewhere.

50.     CUA's actions were taken in bad faith and very much against the spirit of excellence and academic good faith promised or implied to Mr. Richter during his time at CUA Law.

51.     At all times relevant herein, Mr. Richter abided and governed his conduct by the terms of the aforementioned contract, including meeting all of his financial obligations to CUA.

52.     As a direct and proximate result of Defendant's actions, Mr. Richter has lost the difference in value over a lifetime of earnings expected to be earned by an individual who graduated with a law degree from CUA and a person without a law degree from CUA.

53.     As a direct and proximate result of Defendant's actions, Mr. Richter has lost several years, or more, of his career, tuition paid to CUA, and living expenses.

54.     As a result of the breach Defendant committed against Mr. Richter, he is entitled to an injunction requiring CUA to issue a letter in conformity with the ABA mandates and an injunction requiring CUA to vacate his grades and issue an Incomplete for his Constitutional Law class.

55.     As a result of the breach Defendant committed against Mr. Richter, he has suffered and continues to suffer loss, damage and detriment including, without limitation, incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

56.     It has been necessary for the Mr. Richter to obtain the services of an attorney to prosecute this action, and he is entitled to an award of attorney's fees and costs of suit incurred herein.

**WHEREFORE,** Mr. Richter prays that this Honorable Court enter judgment in Mr. Richter's favor, and against Defendant, for (1) an injunction requiring CUA to issue a letter in conformity with the ABA mandates; (2) an injunction requiring CUA to vacate Plaintiff's grades and issue an Incomplete for his Constitutional Law class; (3) compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (4) the costs and disbursements of this action, for interest, and such other attorney's fees that justice so requires; and (5) such other and further relief that justice so requires.

## JURY DEMAND

Plaintiff BRENDAN RICHTER respectfully prays for a trial by jury on all issues so triable.

DATED this 15th day of March, 2018.

 */s/ Jason J. Bach*
Jason J. Bach, Esq.
**THE BACH LAW FIRM, LLC**
D.C. Bar No. 974126
7881 West Charleston Boulevard, Suite 165
Las Vegas, Nevada 89117
Telephone:  (702) 925-8787
Facsimile:  (702) 925-8788
Email:  jbach@bachlawfirm.com

## **VERIFICATION**

As to those allegations of fact not qualified by the phrase "upon information and belief" or otherwise, I do solemnly declare and affirm under penalties of perjury that the contents of the foregoing Complaint are true and accurate to the best of my knowledge.

BRENDAN RICHTER

Dated this 14th day of March, 2018.